FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   MAY 1 2006   ★
P.M.
TIME A.M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

THOMAS D. McCARTHY

VERSUS

AMERICAN INTERNATIONAL GROUP, INC.,
ET AL.

CIVIL ACTION NO. 99-1645

JUDGE DONALD E. WALTER

## MEMORANDUM RULING

Before this Court is AIG Life Insurance Company's Motion for Judgment that Plaintiff's Claims are Governed by ERISA [Doc. #66] and plaintiff's Cross-Motion [Doc. #68]. Both motions are opposed. For the reasons stated herein, defendant's motion [Doc. #66] and plaintiff's motion [Doc. #68] are **DENIED**.[1]

Defendant asserts that the Plan at issue is an Employee Welfare Benefit Plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Plaintiff asserts that defendant has waived the defense that ERISA preempts plaintiff's state law breach of contract claim when that defense was raised for the first time in a letter to the Court dated March 10, 2006 [Doc. #62] regarding plaintiff's filing of a "Joint" Pretrial Order.

In Saks v. Franklin Covey Co., 316 F.3d 337 (2nd Cir. 2003), the United States Court of Appeals for the Second Circuit addressed the issue of whether the defense of ERISA preemption in a benefits-due action could be waived if not timely raised. The Saks Court joined the 1st, 5th, 9th and 3rd Circuits in concluding that "[w]here federal preemption affects only the choice of law, the defense may be waived if not timely raised." Id. at 349. The Saks Court further held that "ERISA

---

[1] To the extent that plaintiff asks this Court to deny defendant's motion, plaintiff's Cross-Motion is granted.

preemption of state contract claims in a benefits-due action is an affirmative defense that is untimely, and therefore subject to waiver, if not pleaded in the defendant's answer." Id. at 350.

Defendant removed this matter on March 24, 1999, based on this Court's diversity jurisdiction. Thus, federal preemption affects only the choice of law in this case. It is undisputed that defendant has never pleaded ERISA preemption as an affirmative defense.

The issue of whether defendant waived the preemption defense was raised by plaintiff's counsel in his March 14, 2006 letter to the Court [Doc. #63]. In particular, plaintiff's counsel states:

> The defendant has not asserted ERISA as an affirmative defense in its Answer, nor made any application to amend its Answer to do so, for almost seven years since invoking the jurisdiction of this Court. It is respectfully submitted that the defendant has waived any right to assert ERISA in any fashion as applicable to the lawsuit.

March 14, 2006-letter, p. 2 (emphasis in original). In defendant's brief addressing the ERISA issue, defendant asserts that plaintiff "has been aware of the potential application of ERISA to his claim as early as August 15, 1996" when a benefits denial letter stated that ERISA governed the Plan at issue. Defendant's Mem. in Support of Motion for Judgment, p. 11. Defendant further asserts that plaintiff conducted discovery of AIG witnesses regarding the application of ERISA. Id. However, defendant does not contend that ERISA preemption was ever specifically pled.

As noted by the Saks Court, one of the core purposes of Rule 8(c)[2] is to place the opposing parties on notice that a particular defense will be pursued so as to prevent surprise or unfair prejudice. Saks, 316 F.3d at 350. This matter was removed in March of 1999. In January 2000, defendant filed a Motion for Summary Judgment that was granted in April 2001. Specifically, the

---

[2]Federal Rule of Civil Procedure 8(c) requires that a responsive pleading set forth certain enumerated affirmative defenses as well as "any other matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c).

2

District Court found that McCarthy's claim was related to a 1991 injury that occurred prior to the 1993 effective date of the policy, and that even if McCarthy's claim was for a 1995 injury, his notice of claim was untimely. The Second Circuit vacated the District Court's Order and remanded the matter in April 2002 finding that: (1) the AIG policy did not require McCarthy to inform AIG in his notice of claim of the date of the injury for which he would be seeking benefits; (2) a genuine issue of fact exists as to whether McCarthy's 1995 disability resulted from his 1991 injury or from a separate 1995 injury; and (3) the AIG policy is ambiguous as to what constitutes a timely notice of McCarthy's claim. McCarthy v. American International Group, Inc., 283 F.3d 121, 128 (2nd Cir. 2002).

In McCarthy, supra, the Second Circuit stated that "[t]he parties do not dispute that New York law applies to this dispute." Id. at 124. The McCarthy Court proceeded to analyze plaintiff's claims under New York contract law. The Court never mentioned ERISA. The Second Circuit would have had to address the application of ERISA had the issue been raised. This Court finds that defendant has never specifically pled ERISA preemption as an affirmative defense. Therefore, defendant has waived this defense.

As noted by the Saks Court, "[n]otwithstanding a defendant's failure to timely plead the preemption defense, a district court may still entertain affirmative defenses at the summary judgment stage in the absence of undue prejudice to the plaintiff, bad faith or dilatory motive on the part of the defendant, futility, or undue delay of the proceedings." Saks, 316 F.3d at 351. This matter was removed based on diversity jurisdiction in 1999, was taken to the Second Circuit in 2001, and was returned to the District Court in 2002. Multiple conferences were held in this matter, and multiple documents were filed before defense counsel filed the letter in March 2006 wherein ERISA

preemption was raised for the first time. On April 11, 2006, this matter was set for trial on May 25, 2006. This Court finds that entertaining ERISA preemption as an affirmative defense this late in the proceedings would cause undue prejudice to the plaintiff.

Accordingly, AIG's Motion for Judgment That Plaintiff's Claims are Governed by ERISA [Doc. #66] is **DENIED**, as is plaintiff's Cross-Motion [Doc. #68], except to the extent it asks this Court to deny defendant's motion [Doc. #66].

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 1st day of May, 2006.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE